UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 97-CR-0163-001-CVE |
| ) | |
| HARLEY EUGENE REVIS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's appeal of the magistrate judge's order (Dkt. # 106) requiring him to appear at an asset hearing on October 18, 2006 to respond to plaintiff's inquiries as to his financial condition. Although the sole issue before the Court is whether defendant can be ordered to appear at an asset hearing to disclose assets, he has used the appeal to collaterally attack his conviction. The Tenth Circuit has denied defendant's appeal of his conviction and this Court has considered defendant's other arguments in denying plaintiff's motion for relief under 28 U.S.C. § 2255. Therefore, the Court will not consider any argument not directly related to the magistrate judge's order setting an asset hearing (Dkt. # 103).

Following a jury trial, defendant was convicted on April 30, 1998, of conspiracy and mail fraud. He was sentenced to 51 months in prison and was ordered to pay $515,787 in restitution to compensate the United States for his offenses. On October 4, 2003, the United States filed a writ of garnishment (Dkt. # 84) as to Cafe USA to collect its judgment for restitution and served the garnishee with a copy. Cafe USA stated that defendant was its employee and was currently earning $190 per week. The Court ordered the Court Clerk to disburse any funds received and directed Cafe

USA to continue making payments to the Court Clerk. On April 28, 2005, the United States applied for writ of garnishment against Custom Coach International for any funds owing to defendant, and the Court granted the government's writ on the same day. Defendant filed an objection to the writ and a motion to dismiss the government's application for a writ of garnishment on September 6, 2005. On October 24, 2005, the Court denied defendant's motion, because it was an improper collateral attack on his conviction. On August 3, 2006, the United States filed a motion requesting defendant to appear at an asset hearing (Dkt. # 100), and the Court granted the motion. Defendant was ordered to appear at an asset hearing on September 20, 2006. At the hearing, defendant appeared and the hearing was continued until October 18, 2006 so that defendant could file an objection to the asset hearing.

Defendant's has filed an objection to the asset hearing and the Court will treat that objection as an appeal of the magistrate judge's order. The Court will apply a <u>de novo</u> standard of review when considering defendant's appeal. <u>See</u> 18 U.S.C. § 3613A. After reviewing defendant's appeal, the Court finds that he has not stated any reason why the asset hearing should not proceed. His appeal is nothing more than a collateral attack on his conviction, and an asset hearing is not the proper forum to raise such issues. Defendant has been convicted of a crime and ordered to pay restitution. Pursuant to 18 U.S.C. § 3613(b), "[t]he liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined." Defendant was released from prison on May 7, 2003, so it is clear that the United States has a right to institute proceedings to collect the judgment for restitution. Even if the judgment does not specifically provide the United States a right to collect restitution following a period of supervised

release, section 3613(b) provides that the government may collect restitution for up to 20 years regardless of defendant's status.

**IT IS THEREFORE ORDERED** that defendant's appeal of the magistrate judge' order (Dkt. # 106) is **denied**, and the asset hearing shall proceed as scheduled on October 18, 2006.

**DATED** this 6th day of October, 2006.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT